IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BOBBY BURGHART, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CORRECTIONS CORPORATION OF )<br>AMERICA, et al., )<br>)<br>Defendants. ) | Case Number CIV-08-62-C |

## **ORDER**

This matter is before the Court on the Report and Recommendation ("R&R") (Dkt. No. 5) entered by Magistrate Judge Bana Roberts on January 31, 2008. Therein, Judge Roberts recommended denial of Plaintiff's Motion to Proceed in Forma Pauperis. Judge Roberts noted that Plaintiff had previously acquired three strikes under the provisions of 28 U.S.C. § 1915(g). Finding that the issues raised in Plaintiff's 42 U.S.C. § 1983 Complaint did not demonstrate that he was in "imminent danger of serious physical injury," Judge Roberts stated that Plaintiff's action could proceed only after he paid the full filing fee.

Upon de novo review, the Court agrees with Judge Roberts that the request to proceed in forma pauperis should be denied. As Judge Roberts correctly found, the fact that Plaintiff had paid the full fee when filing his previous actions does not warrant relief from the strictures of § 1915(g) in this case. In his Objection, Plaintiff argues that he is not subject to the filing prohibition of § 1915(g) because he is not held in an institution;

that he only recently received the legal material necessary to support his arguments regarding the effect of having paid the filing fee in his previous cases; and that he is in imminent danger of serious physical harm and has in fact already suffered severe physical harm.

The Court finds none of the arguments raised by Plaintiff in his Objection have merit. 28 U.S.C. § 1915(h) defines prisoner as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." Plaintiff clearly falls within the scope of this definition, regardless of its private ownership, the place in which Plaintiff is incarcerated or detained is clearly a "facility" under the statute. Thus, § 1915(g) applies to Plaintiff. Plaintiff cites no legal support for his argument that because he paid a full filing fee for his past actions, the three strikes provision does not apply to him. The cases cited by Plaintiff are inapplicable, misquoted or impossible to find based on the manner in which they are referenced by Plaintiff. Finally, the Court finds Plaintiff has failed to demonstrate he is in "imminent danger of serious physical injury." Plaintiff complains that he suffers from migraine headaches, fatigue, depression, weight gain and sleeping disorders. None of these allegations demonstrate the serious physical injury contemplated by the statute.

For the reasons set forth herein, the Court, adopts in its entirety the Report and Recommendation of Judge Roberts.  Plaintiff's request to proceed in forma pauperis is denied.  He shall pay the filing fee in full within 30 days of the date of this Order or his action will be dismissed.

IT IS SO ORDERED this 4th day of March, 2008.

ROBIN J. CAUTHRON
United States District Judge