IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BOBBY BURGHART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. CIV-08-62-C |
| ) | |
| CORRECTIONS CORPORATION OF ) | |
| AMERICA et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

On March 4, 2008, the Court adopted the Report and Recommendation of Magistrate Judge Bana Roberts over Plaintiff's objection and denied Plaintiff leave to proceed in forma pauperis on his 42 U.S.C. § 1983 complaint. (See Order, Dkt. No. 7.)  Plaintiff, a prisoner appearing pro se, has since filed a motion for an evidentiary hearing (see Pl.'s Mot. for Hearing, Dkt. No. 8) and a motion requesting that the Court accept his affidavit of prejudice and that the undersigned recuse herself (see Pl.'s Mot. for Acceptance, Dkt. No. 9).  Plaintiff also has filed a motion for reconsideration of the Court's denial of his in forma pauperis motion.  (See Pl.'s Mot. for Reconsideration, Dkt. No. 11.)

Regarding Plaintiff's prejudice affidavit, 28 U.S.C. § 144 provides no support for Plaintiff's position.  Section 144 provides that when a party to any district court proceeding "files a timely and sufficient affidavit" showing "a personal bias or prejudice," another judge shall be assigned to hear that proceeding. Plaintiff's conclusory statement that the undersigned is biased against him either because of his inmate status or because he filed a lawsuit against a corporation is completely unsupported as well as legally insufficient.  See Glass v. Pfeffer,

849 F.2d 1261, 1267 (10th Cir. 1988) ("The affidavit is insufficient if it merely states conclusions, rumors, beliefs and opinions; it must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." (citation and internal quotation marks omitted)); (Pl.'s Mot. for Acceptance Ex. 1).  Further, the allegations of bias or prejudice in Plaintiff's affidavit stem solely from the Court's previous denial of his in forma pauperis motion.  (See Pl.'s Mot. for Acceptance Ex. 1.)  The Tenth Circuit frequently has noted that adverse rulings, standing alone, are almost never a valid basis for recusal.  See, e.g., Green v. Dorrell, 969 F.2d 915, 919 (10th Cir. 1992) ("[A]dverse rulings against a litigant cannot in themselves form the appropriate grounds for disqualification.").  Therefore, Plaintiff's motion to recuse shall be denied.

Plaintiff requests an evidentiary hearing based on his contention that he is in "imminent danger of serious physical injury" and so should be permitted to proceed in forma pauperis pursuant to the exception contained in 28 U.S.C. § 1915(g), notwithstanding his "three strikes" under that statute.[*]  To meet this burden under § 1915(g), Plaintiff "must provide 'specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" See Fuller v. Myers, 123 F. App'x 365, 366 (10th Cir. 2005) (citation omitted) (unpublished decision cited for its persuasive value in

---

[*]Although Plaintiff's motions for an evidentiary hearing and for reconsideration were based additionally on a disagreement with his status as a three-strike inmate under § 1915(g), Plaintiff has filed a notice with the Court that he no longer challenges the Court's determination of that issue. (See Pl.'s Notice, Dkt. No. 10.)  Although this notice was filed prior to the filing of his motion for reconsideration, it is dated March 14, 2008, while his motion for reconsideration is dated March 12, 2008, so it is clear that Plaintiff abandoned this argument in regard to both motions.

accordance with 10th Cir. R. 32.1(A)). "Vague or conclusory allegations of harm are insufficient." Id. As noted in the Court's order adopting Judge Roberts's Report and Recommendation, Plaintiff's allegations that he suffers from fear, worry, elevated stress levels, migraine headaches, fatigue, depression, weight gain, and sleeping disorders do not demonstrate that he is in imminent danger of serious physical harm as contemplated under § 1915(g). (See Pl.'s Compl. ¶ 65; Order at 2.) Because Plaintiff "has failed to raise a credible allegation that he is in imminent danger of serious physical harm," he is not entitled to an evidentiary hearing on this issue. White v. State of Colo., 157 F.3d 1226, 1232 (10th Cir. 1998) (citing Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997) (granting evidentiary hearing where prisoner had made credible, unchallenged allegations of physical threats and attacks), overruled on other grounds by Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001) (en banc)).

Finally, Plaintiff has filed a motion requesting that the Court reconsider its denial of his in forma pauperis motion. (See Pl.'s Mot. for Reconsideration.) Plaintiff, however, raises no grounds in this motion other than those previously addressed and rejected by the Court, both in adopting the Report and Recommendation and in this Order. (Compare Pl.'s Mot for Reconsideration with Pl.'s Objection to Report and Recommendation, Dkt. No. 6.)

Thus for the reasons outlined herein Plaintiff's motions (Dkt. Nos. 8, 9 & 11) are DENIED.

IT IS SO ORDERED this 24th day of March, 2008.

ROBIN J. CAUTHRON
United States District Judge