IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BOBBY BURGHART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-08-62-C |
| | ) | |
| CORRECTIONS CORPORATION OF | ) | |
| AMERICA et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

On March 4, 2008, the Court denied Plaintiff, a prisoner appearing pro se, leave to proceed in forma pauperis on his 42 U.S.C. § 1983 complaint. (See Order, Dkt. No. 7.) In that Order, the Court noted that Plaintiff had acquired three strikes under the provisions of 28 U.S.C. § 1915(g) and so was unable to bring this civil action under in forma pauperis status unless he was "under imminent danger of serious physical injury." See § 1915(g). The Court has explained, both in that Order and subsequently, that Plaintiff is unable to demonstrate that he is in such danger. (See Order; Order of Denial, Dkt. No. 12, at 2-3.)

Although Plaintiff filed a notice with the Court that he no longer challenges the Court's determination that he is a three-strike inmate under § 1915(g) (see Pl.'s Notice, Dkt. No. 10), Plaintiff has now filed with the Court a challenge to the constitutionality of § 1915(g).* Plaintiff argues that: the intent of the statutory provision is to prevent the abuse

---

*The Court notes that Plaintiff filed this challenge pursuant to Fed. R. Civ. P. 5.1, which governs constitutional challenges to federal and state statutes. Although there is no evidence demonstrating that Plaintiff has served the required notice on the Attorney General of the United States, see Fed. R. Civ. P. 5.1(a)(2), the Court "may reject a constitutional challenge to a statute

of the privilege of proceeding in forma pauperis; there is no evidence that he has abused this privilege; and therefore § 1915(g) is unconstitutional as applied to him and denies him access to the courts.  (See Pl.'s Notice.)  Plaintiff's challenge is without merit. Under the terms of the statute, the only "evidence" required for § 1915(g) to apply is the fact that Plaintiff has three prior strikes against him.  Further, far from being an issue of first impression, various federal courts, including the Tenth Circuit Court of Appeals, have rejected challenges to the constitutionality of § 1915(g) and agree that it does not deny access to courts or due process; nor does the statute violate the equal protection clause or any other constitutional provision. See, e.g., White v. State of Colo., 157 F.3d 1226, 1232-35 (10th Cir. 1998); Wilson v. Yaklich, 148 F.3d 596, 604-05 (6th Cir. 1998).  Plaintiff presents no evidence demonstrating that § 1915(g)'s application has deprived or will deprive him of any constitutional right.

Thus, as outlined herein, Plaintiff's notice (Dkt. No. 13) is DISMISSED.  Plaintiff is reminded that he was ordered to pay the filing fee in full within 30 days of the Court's Order dated March 4, 2008 (Dkt. No. 7) or else his action is subject to dismissal.

IT IS SO ORDERED this 27th day of March, 2008.

ROBIN J. CAUTHRON
United States District Judge

---

at any time." Fed. R. Civ. P. 5.1 advisory committee's note (2006) ("[Rule 5.1] does not displace any of the statutory or rule procedures that permit dismissal of all or part of an action – including a constitutional challenge – at any time, even before service of process.").